Milton Sanders, J.
This is a case in which plaintiff Kaplan Jewelers, Inc. is suing the defendant Insurance Company of North America to recover damages pursuant to an insurance policy for a theft of certain merchandise belonging to plaintiff, which was allegedly committed by one or more unidentified employees of plaintiff, at plaintiff’s premises.
It is conceded that at the time of the alleged theft plaintiff had in effect with defendant a comprehensive dishonest, disappearance and destruction insurance policy. The critical section of this policy, insofar as this case is concerned is section 2(b) under the heading "Exclusions”. This section, which has become a standard exclusion provision in this type of policy since its adoption in 1957, provides:
"exclusions
"Section 2. This Policy does not apply: * * *
"(b) under Insuring Agreement 1, to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit or loss computation; provided, however, that this paragraph shall not apply to loss of Money, Securities or other property which the Insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the Employees;
The proof relied upon by plaintiff herein consists of an inventory (which was computed on a unit basis) plus circumstantial evidence purporting to show that the theft must have been committed by any employee because the theft allegedly occurred at a place of limited access.
This is the identical argument and theory which was urged by plaintiff in Kernwood Mfg. Corp. v Home Ind Co. (65 Misc 354). In that case the trial court rejected the "limited access” theory, holding that plaintiff’s inventory computation failed to prove that a loss had occurred, and also rejected plaintiff’s contention that if the case were to be dismissed, the insurance which plaintiff had purchased would be illusory. The court pointed out that a plaintiff could indeed obtain a recovery under this policy if the plaintiff submitted other proof and *336 independent evidence of the employee’s dishonesty. The court (p 357) found the exclusionary clause to be "definite and unambiguous” and stated: " 'To hold that this specific language should be interpreted to mean something other than that plainly stated would constitute an infringement on the right of the parties to write their own contract.’ (Gillette Co. v Travelers Ind. Co., 365 F2d 7, 9.)” The decision of the trial court in the Kern wood case was unanimously affirmed by the Appellate Term, First Department (67 Misc 2d 888).
There have been a number of decisions in the Federal courts and in other jurisdictions interpreting section 2(b). The court has carefully examined all of these decisions and is unable to find a single case where the proof was the same as in the case at bar, in which the exclusion provision was not upheld. On the other hand, there have been a large number of similar situations in which the insured’s claim was dismissed. In Dunlop Tire & Rubber Corp. v Fidelity & Deposit Co. of Maryland (479 F2d 1243), the learned and distinguished United States Court of Appeals, Second Circuit, held that plaintiff was barred by section 2(b) from obtaining a recovery. The court stated (p 1246): "On its face, Section 2(b) appears to permit only one proper interpretation * * * there must be some evidence 'wholly apart from such computations’ both as to the existence and amount of loss; otherwise the claim is excluded.”
Similarly, in United States Smelting Refining & Min. Co. v Aetna Cas. & Sur. Co. (372 F Supp 489, 494), it was likewise held that the insured was barred by section 2(b) from obtaining a recovery, the court stating: "Section 2(b) of the policies mandates proof wholly independent of inventory computations to support a claim under Insuring Agreement I”.
In the case at bar, plaintiff established that it had used the unit-type method inventory. Plaintiff did not, however, present any direct or independent proof that a theft had been committed. The thief was never caught. There was no testimony as to the manner and circumstances in which the theft was allegedly perpetrated. There was no testimony as to any unusual or highly suspicious circumstances, from which it could be concluded that a theft had actually occurred. Plaintiff herein sought to establish the theft itself entirely on the basis of its unit-type method of inventory.
In support of its contentions that its complaint should not be dismissed, and that its claim is not barred by section 2(b), *337 plaintiff has offered the cases of Paramount Paper Prod. Co. v Aetna Cas. & Sur. Co. (182 Neb 828) and Sun Ins. Co. of N. Y. v Cullum’s Men Shop (331 F2d 988). The court, however, finds that neither of these cases establishes the conclusion that plaintiff is urging.
In Paramount, it is first to be noted that the case itself was decided in favor of the defendant insurance «company. At the close of plaintiff’s case the trial court dismissed the complaint, and this decision was unanimously affirmed by the Supreme Court of Nebraska. It is true that the court in its decision did indicate by way of dicta that (p 839): "Where employee dishonesty clearly exists, it would appear that a reasonably reliable inventory made upon a unit basis would serve to meet the purpose for which the exclusionary clause was included in the policy”. (Emphasis supplied.) The court held, however, that plaintiff had failed to prove that a theft had occurred by reason of employee dishonesty, and that a unit-type method of inventory by itself is insufficient to establish this.
In the case at bar plaintiff similarly failed to present any other direct or independent evidence that a theft had occured by reason of employee dishonesty. The court therefore concludes that even within the framework of Paramount, plaintiff is barred from recovery by section 2(b).
The Sun Ins. Co. case (331 F 2d 988, supra) is readily distinguishable from the case at bar. In Sun Ins. Co. the court did refuse to dismiss the complaint. The evidence, however, had revealed that the F.B.I. had conducted an investigation (apparently in connection with an unrelated matter) which resulted in the apprehension of one Charles Green. Green was called as a witness by the plaintiff in Sun Ins. Co., and testified that he had been convicted of larceny of merchandise from plaintiff’s store. Green testified at length and described in detail the process by which merchandise was stolen on a regular basis from plaintiff’s store, and which involved dishonesty by one of plaintiff’s employees. The court thus concluded that plaintiff had produced sufficient independent evidence of a theft involving dishonesty by one of plaintiff’s employees to submit the case to the jury.
With regard to Sun Ins. Co. insofar as it applies to the case at bar, the plaintiff herein produced no such independent evidence of an employee theft.
The court finds that plaintiff herein is barred from recovery by section 2(b) of the policy, and defendant’s motion to dismiss *338 the complaint at the close of plaintiffs case is accordingly granted.
The court has also determined that plaintiff’s complaint must be dismissed for a second reason. Defendant has pleaded in its answer an affirmative defense that plaintiff failed to submit a proper proof of loss.
It is conceded that plaintiff was required by the policy to provide defendant with a. proof of loss. Plaintiff did, in fact, furnish defendant with a proof of loss, which was admitted into evidence. Said proof of loss, however, states clearly and unequiviocally that the merchandise was stolen by one Milton Ragor.
After receiving the proof of loss defendant sent a representative to plaintiff’s premises to investigate plaintiff’s claim. It was testified at the trial that at the time of his visit, plaintiff told him clearly and definitively that Milton Ragor had stolen the merchandise, and that at no time did plaintiff ever mention the possibility that the merchandise might have been stolen by someone else. Plaintiff’s claim was disallowed because defendant concluded that plaintiff had failed to produce any evidence to substantiate its claim that Milton Ragor had stolen the merchandise. Plaintiff thereafter commenced this lawsuit, issued a complaint and conducted the trial entirely upon the theory that the merchandise had been stolen by one or more "unidentified employees”, which completely contradicts the theory contained in the proof of loss that the merchandise was stolen by one Milton Ragor.
The proof of loss furnished by plaintiff to defendant made no mention whatsoever of a theft by unidentified employees. During the trial of this action plaintiff presented no evidence of a theft by Milton Ragor, and plaintiffs entire proof sought to attribute the theft to one or more unidentified employees. Defendant contends that it was prejudiced and misled in relying upon the incorrect information contained in the proof of loss. The court concludes that plaintiff failed completely to comply with the provisions of the policy requiring plaintiff to submit a proper proof of loss.
Plaintiff argues that it should be permitted upon trial to correct mistakes and errors contained in the proof of loss. The court agrees that plaintiff should not be rigidly bound by the statements contained in a proof of loss, and should be permitted to correct mistakes and errors. In the case at bar, however, we are not dealing with a mistake or an error. The *339 entire proof of loss was fallacious, from beginning to end, in that it sought to attribute the missing merchandise entirely to a theft by Milton Ragor. This defect is substantial and fatal. The court finds that the "errors” contained in the proof of loss were not the result of an inadvertence or secretarial error, but were submitted knowingly and deliberately by plaintiff.
The court finds that the purpose for which a proof of loss was required to be furnished pursuant to the provisions of the insurance policy, was to provide defendant with the opportunity to investigate the claim. Defendant could not reasonably be expected to investigate an alleged theft by one or more unidentified employees when the proof of loss clearly attributes the theft to one specific individual. If plaintiff were to be permitted to correct or amend this proof of loss in the middle of trial, this would deprive the proof of loss of any efficacy whatsoever, and would defeat the purpose for which this requirement was included in the policy.
The motion to dismiss plaintiff’s complaint is accordingly granted in all respects.